UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20345-WILLIAMS(s)

UNITED STATES OF AMERICA

vs.

KENNETH STABLER,
    a/k/a "Richard White,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Kenneth Stabler (the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Counts 1, 2, and 5 of the Superseding Indictment, which charge the Defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a) (Counts 1 and 5); and escape, in violation of Title 18, United States Code, Section 751(a) (Count 2).

2. This Office agrees to seek dismissal of all remaining counts after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory

but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant understands and acknowledges that, as to Counts 1 and 5, the Court may impose a term of imprisonment of 20 years, followed by a term of supervised release of 3 years as to each count, and as to Count 2, the Court may impose a term of imprisonment of 5 years, followed by a term of supervised release of 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and order restitution as to each count.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count of conviction, for a total of $300, will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the United States prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating

3

any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.     The Defendant agrees, based on his convictions for violations of Title 18, United States Code, Section 2113(a), as charged in Counts 1 and 5 of the Superseding Indictment, to forfeit all property, real or personal, that constitutes or is derived from proceeds traceable to the offense and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense is forfeitable to the United States. The Defendant waives all interest in the above-named property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and also agrees to voluntarily abandon all right, title, and interest in the above-named property. The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant admits and agrees that the conduct described in the Indictment and Factual Proffer provide a sufficient factual and statutory basis for the forfeiture of the property sought by the United States. The Defendant knowingly and voluntarily waives any claim or defense that he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.

9. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 8/24/18    By: _____
JESSICA KAHN OBENAUF
ASSISTANT UNITED STATES ATTORNEY

Date: 8/24/18    By: _____
CHRISTIAN DUNHAM
ATTORNEY FOR DEFENDANT

Date: 8/24/18    By: _____
KENNETH STABLER
DEFENDANT

5